**UNITED STATES of America,**
**Appellee,**

v.

**Kevin MILLER, Defendant–Appellant.**

No. 08–3265–cr.

United States Court of Appeals,
Second Circuit.

May 15, 2009.

**34**

Avrom Robin (Ira D. London, Meredith S. Heller, and Kevin Miller, on the brief) Law Offices of London & Robin, New York, NY, for Appellant.

Daniel A. Braun, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR, and J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Kevin Miller appeals from a June 27, 2008 judgment of conviction, following a plea of guilty on March 26, 2003 to one count of conspiring to commit wire and securities fraud, in violation of 18 U.S.C. § 371, and one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and related statutes. On June 26, 2008, the District Court sentenced defendant to a term of eight months' imprisonment, to be followed by a

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

term of three years' supervised release, and imposed a $200 mandatory special assessment.[1] Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub.L. No. 104–132, 110 Stat. 1214, 1227 (codified principally at 18 U.S.C. §§ 3663A and 3664), the District Court further ordered defendant to pay restitution—jointly and severally with his co-conspirators—in the amount of $11,598,699.88. On appeal, defendant argues that the District Court erred in imposing restitution without adequately considering defendant's financial and family situation or his role in the "pump and dump" conspiracy. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review an MVRA order under an "abuse of discretion" standard. *See, e.g., United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir.2006). *Cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)).

■ Defendant perceives four deficiencies in the District Court's order of restitution. First, defendant argues that the District Court erred in ordering defendant to pay 20% of his monthly gross revenues toward restitution without taking into account defendant's ability to pay. To the contrary, the record indicates that the District Court was aware of defendant's financial situation when it imposed sentence. *See, e.g.,* J.A. 33 (Transcript of Sentencing Hearing, June 26, 2008, at 15:11–15) (noting that defendant "earns somewhere between [$]100 and 200,000 annually, and the

presentence investigation report reflects a negative monthly cash flow").

■ Second, defendant asserts that the District Court erroneously ordered a balloon payment prior to the completion of defendant's supervised release, also without adequate consideration of defendant's financial situation. Here too, we disagree. The record indicates that the District Court permitted defendant to work out a payment schedule at the end of his supervised release. *See, e.g.,* J.A. 45 (Transcript of Sentencing Hearing, June 26, 2008, at 27:6–7) (imposing a "balloon obligation for the balance due at the end of the three years of supervised release, as may be worked out with the Financial Litigation Unit, [a] payment schedule, that is"). We note that on the Judgment—that is, the standard form memorializing the sentence imposed in open court—the District Court's "[s]pecial instructions" provide that "the remainder [of the restitution balance] shall be paid during the term of the supervised release in monthly installments of 20% of monthly gross revenues with a balloon payment or obligation prior to the expiration of the term of supervised release." J.A. 65 (Judgment, June 26, 2008, at 6). To the extent that the Judgment inadequately reflects the opportunity for negotiating a payment schedule with the Financial Litigation Unit at the end of defendant's supervised release, we deem the District Court's statements at the June 26, 2008 Sentencing Hearing to be effectively incorporated into the Judgment. Accordingly, defendant may apply to either the District Court or the Financial Litigation Unit to work out a payment schedule at the end of his supervised release, should his financial circumstances prevent him from satisfying the remainder

---

1. As the District Court observed, the recommended sentence under the United States Sentencing Guidelines was 46 to 57 months' imprisonment.

of the restitution obligation in a single payment.[2]

■ Third, defendant argues that the District Court apportioned restitution jointly and severally among defendant and his co-conspirators without taking account of defendant's role in the conspiracy. Our review of the record indicates that the District Court was fully familiar with the contours of the conspiracy, *see, e.g.,* J.A. 33 (Transcript of Sentencing Hearing, June 26, 2008, at 15:16–25) (listing the other members of the conspiracy and the status of their prosecutions), and defendant's assistance in the government's investigation, *see, e.g.,* J.A. 32 (Transcript of Sentencing Hearing, June 26, 2008, at 14:5–7) (acknowledging that "without the assistance of [defendant], the government's investigation would not have been as broad or as successful").

■ Fourth and finally, defendant argues that the District Court erred in imposing restitution without a full accounting of each victim's individual loss amount. *See* 18 U.S.C. § 3664(a) (requiring that, "to the extent practicable," a presentence report "shall include . . . a complete accounting of the losses to each victim"). The government argues that defendant waived this argument at sentencing when defense counsel stated that the parties "are all in agreement on the loss amount; there is not a dispute on that." J.A. 23 (Transcript of Sentencing Hearing, June 26, 2008, at 5:10–11); *see also* J.A. 29 (Transcript of Sentencing Hearing, June 26, 2008, at 11:7–9) ("The parties, both the defense and the government, agree that the loss in this case—and I agree as well—is $11,598,669.88."). Under these circumstances, we agree with the government that defendant has waived any concerns about the loss calculation in the presentence report.

\*　　\*　　\*

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

---

**2.** We also note that, as stated at oral argument by the government, other co-conspirators will presumably contribute to the same restitution obligation over the course of defendant's incarceration and supervised release, thereby reducing petitioner's "joint and several" liability for the restitution debt.

